

July 15, 2022

Robert J. Cristiano
914.872.7458 (direct)
Robert.Cristiano@wilsonelser.com

**VIA CM/ECF**
Hon. Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, New York 10007

    Re:    *Jenkins v. Dewitt Rehabilitation and Nursing Center, Inc. et al.*
           Case No.      :     1:22-cv-05985-PAE
           Our File No.  :     20319.00019

Dear Judge Engelmayer:

This office represents defendant, Dewitt Rehabilitation and Nursing Center, Inc. d/b/a Upper East Side Rehabilitation and Nursing. Please accept this request to stay the above-referenced case, which was removed to the Southern District of the United States District Court on July 13, 2022. There is no scheduled conference.

For the reasons set forth below, defendant requests that the time to file a responsive pleading be stayed until the below described Second Circuit cases are decided and that the initial conference be scheduled 14 days after the Answer is due. Plaintiff consents to the stay concerning an answer, but not to the other relief requested by this letter.

In lieu of any motion to dismiss or motion to remand, defendant believes that it would be more prudent to hold motion practice in abeyance pending resolution of the appeals pending before the Second Circuit in the matters captioned <u>Rivera-Zayas v. Our Lady of Consolation</u> 21-2164 and <u>Leroy v. Hume</u> 21-2158, 21-2159. This court, specifically Judge Nelson Roman, has already granted such request for a similar stay in the matter of <u>Mitchell v. Parkview Operating Company</u> 22-02357. The Second Circuit has stayed appeals in cases involving similar subject matter, including <u>Walker v. Richmond University Medical Center, et al.</u> 22-206 (L), 22-269 (Con) pending its decisions in <u>Rivera-Zayas v. Our Lady of Consolation</u> 21-2164 and <u>Leroy v. Hume</u> 21-2158, 21-2159.

The questions of law before the Second Circuit in these appeals are: (1) whether state law claims alleging injury relating to the administration of COVID-19 countermeasures to prevent, diagnose

1133 Westchester Avenue | White Plains, NY 10604 | p 914.323.7000 | f 914.323.7001 | wilsonelser.com

Albany, NY | Atlanta, GA | Austin, TX | Baltimore, MD | Beaumont, TX | Birmingham, AL | Boston, MA | Charlotte, NC | Chicago, IL | Dallas, TX | Denver, CO
Detroit, MI | Edwardsville, IL | Florham Park, NJ | Garden City, NY | Hartford, CT | Houston, TX | Jackson, MS | Las Vegas, NV | London, England | Los Angeles, CA
Louisville, KY | McLean, VA | Merrillville, IN | Miami, FL | Milwaukee, WI | Nashville, TN | New Orleans, LA | New York, NY | Orlando, FL | Philadelphia, PA | Phoenix, AZ
Raleigh, NC | San Diego, CA | San Francisco, CA | Sarasota, FL | Seattle, WA | Stamford, CT | St. Louis, MO | Washington, DC | West Palm Beach, FL | White Plains, NY



and/or treat COVID-19 "aris[e] under" federal law within the meaning of 28 U.S.C. § 1331 because they are completely preempted by the PREP Act; (2) whether such claims "aris[e] under" federal law within the meaning of 28 U.S.C. § 1331 because, under Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing., 545 U.S. 308 (2005), these claims necessarily involve substantial and disputed questions of federal law; and (3) whether defendants subject to such claims are persons acting under federal officers within the meaning of 28 U.S.C. § 1442(a)(l) and are, therefore, entitled to remove those cases to a federal district court to assert a federal defense. Rivera-Zayas v. Our Lady of Consolation 21-2164 and Leroy v. Hume 21-2158, 21-2159.

It would be judicially economical to hold any motion practice relative to this matter in abeyance pending the resolution of the appeals which concern the scope and the breadth of the PREP Act in terms of subject-matter jurisdiction, embedded federal question jurisdiction, and federal officer removal jurisdiction.

Accordingly, we respectfully request that this court stay this matter, including any potential motion to remand and motion to dismiss, pending a ruling by the Second Circuit in these cases that will directly impact the issues at hand. The parties propose informing the court of the decision in those cases within one week of any decision and providing this court with a courtesy copy.

Should the court decline our request to stay this matter, we ask that the court set a briefing schedule be set for a FRCP Rule 12(b)(1) and (6) motion to dismiss.

In the April 13, 2022 complaint, plaintiff alleges that defendant failed to prevent the plaintiff's decedent from contracting COVID-19, resulting in his death. In addition, plaintiff brings into question the sufficiency of defendant's use and administration of covered countermeasures and alleges that the nursing home failed to properly: implement and follow procedures in the prevention of transmission of the virus; test him for COVID-19; and treat the decedent's symptoms until his death on April 14, 2020. Plaintiff also pleads a cause of action of negligence *per se* for violation of multiple statutes, including federal statutes, the CFR and OBRA, and alleges that the facility acted willfully and recklessly.

The Complaint is deficient as a matter of law because defendant is a covered entity by virtue of its licensure as a skilled nursing facility in New York and because it developed a program to carry out COVID-19 prevention and mitigation and administered covered countermeasures pursuant to the Public Readiness and Emergency Preparedness Act ("PREP Act") and the Declaration issued by the Secretary of the U.S. Department of Health & Human Services ("HHS") invoking the PREP Act. Thus, defendant is entitled to immunity, and this action should be dismissed with prejudice. These allegations are within the intended breadth of the application of the PREP Act. *See* Declaration, 85 Fed. Reg. at 15,201. Indeed, the Declaration defines "administration" broadly to extend beyond the physical distributions of COVID-19 countermeasures to the "management and operation of countermeasure programs, or management and operation of locations for [the] purpose of distributing and dispensing countermeasures." *See id*. at 15,202. Cabrini of Westchester did indeed develop a COVID-19 countermeasure program, enacted policies thereunder, held educational training sessions for staff and followed the guidance of the state regulators to meet the mandates issued by the CDC and CMS regarding the use and administration of countermeasures in an effort to prevent and mitigate the spread of the virus. In the Advisory Opinions issued since



- 3 -

the start of the pandemic, HHS specifically stated that the PREP Act is also invoked by even the alleged failure to act or inaction, where the non-use was the result of conscious decision-making by a covered entity or person. Moreover, decisions about allocation of resources to combat COVID-19, such as PPE, are covered under the PREP Act when such decisions are made by program planner. Another example is the inability to access Covid-19 tests.

By the statute's own language, "[n]o court of the United States, or of any State, shall have subject matter jurisdiction to review, whether by mandamus or otherwise, and action by the Secretary under this subsection." 42 U.S.C. 247d-6d(b)(7) (Referring to subsection concerning Secretary's authority to issue declarations implementing PREP Act).

Additionally, to combat the transmission of the virus, the Defendant utilized personal protective equipment (PPE) in the forms of masks (including surgical, N95 and N95), shields, gloves and gowns, as well as FDA approved medications and products, among other things which are specifically recognized as covered countermeasures. Claims that a program or protocol designed to combat the virus were inadequate do not disqualify the covered entity from immunity.

Even plaintiff's attempt to circumvent the application of the PREP Act by alleging willful conduct and gross negligence fails because she has not exhausted administrative remedies by applying to the CICP for compensatory damages for the alleged injuries and death. "The PREP Act explicitly creates 'an exclusive Federal cause of action' for willful misconduct," which the plaintiff may bring "only in the U.S. District Court for the District of Columbia." Estate of Maglioli v. Alliance HC Holdings LLC, ___ F.4th ___, 2021 U.S. App. LEXIS 21526, **20, 23 (3d Cir. Oct. 20, 2021). In conclusion, defendant requests that this Court stay the above-referenced case, pending resolution of appeals pending before the United States Court of Appeals for the Second Circuit in the matter captioned Rivera-Zayas v. Our Lady of Consolation 21-2164 and Leroy v. Hume 21-2158, 21-2159.

Please note that we requested that plaintiff consent to the stay, but they would only agree to stay the time in which to file a responsive pleading to the complaint until when and if a motion to remand is decided.

Alternatively, if the court declines to grant a stay, defendant proposes that the court set a briefing schedule with defendant's motion to dismiss submitted no later than September 16, 2022 with plaintiff's response due by October 3, 2022.

We appreciate Your Honor's consideration, and will make ourselves available to discuss this request at the court's convenience.
Respectfully,

Wilson Elser Moskowitz Edelman & Dicker LLP

_____
Robert J. Cristiano
RJC/ds
cc:     Joseph L. Ciaccio—Napoli Shkolnik (*via email and ECF*)

Granted. This case is stayed pending the Second Circuit's resolution of the jurisdictional question at issue here. The parties are instructed to file a 3-page joint letter within a week of a disposition from the Second Circuit, indicating the decision's bearing on this case. The initial pretrial conference is adjourned *sine die*.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge
7/15/2022